Filed 2/11/26  P. v. Epps CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL RAY EPPS, JR.,<br><br>    Defendant and Appellant. | H053176<br>(Santa Clara County<br>Super. Ct. No. C2008065) |

This is defendant Michael Ray Epps, Jr.'s second appeal related to a January 2020 shooting.

In 2022, a jury convicted Epps of first degree murder based on a willful, premeditated, and deliberate killing with express malice or a murder perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle with the intent to inflict death (Pen. Code,[1] § 187, subd. (a)).  The trial court sentenced him to 25 years to life in prison.

---

[1] All further unspecified statutory references are to the Penal Code.

In 2024, this court affirmed the judgment. (*People v. Epps* (Aug. 16, 2024, H050447) [nonpub. opn.] (*Epps*).)[2]

In January 2025, Epps, in propria persona, filed a petition for resentencing under section 1172.6 (petition). The trial court denied the petition at the prima facie stage. Epps has appealed the order.

Epps's appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Epps filed a supplemental brief on the merits. Epps acknowledges he was tried and convicted after the changes to murder law made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) went into effect but contends his trial and conviction violated what he describes as the legislative intent of Senate Bill 1437.

For the reasons explained below, we affirm the trial court's order denying Epp's petition.

## I. FACTS AND PROCEDURAL BACKGROUND[3]

### A. *Procedural History*

#### 1. 2022 Trial

On January 4, 2022, the Santa Clara County District Attorney filed an amended information charging Epps with the 2020 murder of Arturo C.[4] (§ 187, subd. (a); count 1).

---

[2] This court previously granted Epps's request that we take judicial notice of our prior opinion. On our own motion, we take judicial notice of the record in that matter. (See Evid. Code, §§ 459, subd. (a); 452, subd. (d).)

[3] This background information is taken from this court's opinion in *Epps,* the record from that appeal, and other documents in the instant appellate record.

[4] We refer to the victim by his first name and the first letter of his last name to protect his privacy interests. (See Cal. Rules of Court, rule 8.90(b)(4), (10).)

In January 2022, a jury found Epps guilty of first degree murder based on a willful, premeditated, and deliberate killing with express malice or a murder perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle with the intent to inflict death.

At a sentencing hearing held on September 30, 2022, the trial court denied Epps's motion for a new trial and sentenced him to 25 years to life in prison.

### 2. Direct Appeal

In August 2024, a different panel of this court affirmed the judgment. (*Epps*, *supra*, H050447.)  As described in this court's prior opinion,

"A man shot defendant Michael Ray Epps, Jr.'s daughter during a drug deal.  Epps was a marijuana producer/dealer and had supplied the drug to his daughter for sale.  After learning of the shooting from his daughter, Epps set out to find the assailant with the help of confederates.  The manhunt resulted in the shooting death of a person who had nothing to do with the failed drug deal.

"At trial, Epps did not contest his involvement in the killing.  Rather, he urged the jury to find him guilty of voluntary manslaughter based on heat of passion.  The jury rejected this contention and convicted Epps of first degree murder for a willful, premeditated, and deliberate killing or a drive-by killing ([] §§ 187, subd. (a), 189, subd. (a)).

"On appeal, Epps contends the trial court erred by instructing the jury that passion based on revenge does not reduce a killing to manslaughter. Epps further maintains that the district attorney violated a written pretrial agreement (hereafter proffer agreement) by using information derived from

Epps's proffer interview against him at trial." (*Epps, supra*, H050447, fn. omitted.)

This court rejected Epps's claim of instructional error and agreed with the trial court that any violation of the proffer agreement by the prosecution was harmless beyond a reasonable doubt. (*Epps, supra*, H050447.)

In its prior opinion, this court described the "plethora of proof that Epps, with deliberation and reflection, systematically engaged in a manhunt that resulted in the killing of an innocent man." (*Epps, supra*, H050447.)

3. Section 1172.6 Proceedings

In Senate Bill 1437, the Legislature acknowledged "a need for statutory changes to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1, subd. (b) [eff. Jan. 1, 2019].) To that end, "Senate Bill 1437 significantly changed the scope of murder liability for defendants who did not actually kill or intend to kill anyone, including those prosecuted on a felony-murder theory." (*People v. Wilson* (2023) 14 Cal.5th 839, 868; see also *People v. Curiel* (2023) 15 Cal.5th 433, 448–449; § 188, subd. (a)(3).) "The bill also altered murder liability under the natural and probable consequences doctrine." (*Wilson*, at p. 868, fn. 8; see § 188.) Further, the Legislature added section 1170.95 (later renumbered as section 1172.6), allowing a person convicted of felony murder or murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (Stats. 2018, ch. 1015, § 4.)

In January 2025, Epps filed a petition for resentencing under section 1172.6. The trial court denied the petition on February 5, 2025, without appointing counsel for Epps and without issuing an order to show cause. (See § 1172.6, subd. (c).)

4

The trial court's written order states "Petitioner was tried and convicted of murder well after January 1, 2019, the effective date of Senate Bill 1437, which amended sections 188 and 189 and added section 1170.95, the predecessor to section 1172.6, to the Penal Code.  Section 1172.6 'does not apply to defendants who—like [Petitioner] in this case—were convicted under the current law.' (*People v. Reyes* (2023) 97 Cal.App.5th 292, 296.) Petitioner's arguments regarding false and misleading evidence are outside the purview of a section 1172.6 petition and should be raised on habeas corpus."

B. *Appellate Events*

In November 2025, Epps's appointed appellate counsel filed a *Delgadillo* brief.  This court informed Epps of his right to submit a supplemental brief.

In December 2025, Epps filed a supplemental brief on the merits of his appeal.  Epps contends that the jury's finding of his guilt was based on false evidence.  Epps asserts that the prosecutor unlawfully argued that the jury could convict him as the shooter or as an aider and abettor when the prosecutor knew that Epps was not the shooter.  Epps further contends that the prosecution did not present substantial evidence that Epps intended to participate in a killing and (impermissibly, in Epps's view) relied on Epps's conduct after the shooting as evidence of his guilt.  Epps asserts that his conviction "in no way complied with the [l]egislative [i]ntent of [] Senate Bill 1437."

## II.  DISCUSSION

Where, as here, appellate counsel finds no arguable issues in an appeal from the denial of a section 1172.6 petition, we are not required to conduct an independent review of the record.  (See *Delgadillo*, *supra*, 14 Cal.5th at

5

pp. 224–231.)  We give the defendant the opportunity to file his or her own supplemental brief, and we then evaluate any specific arguments raised.  (*Id.* at pp. 231–232.)  Accordingly, we address the issues Epps has asserted in his supplemental briefing.

"We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage."  (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)  Epps argues that the prosecutor improperly argued his guilt to the jury and presented insufficient evidence of his intent to kill.  Epps acknowledges that his trial occurred after Senate Bill 1473 went into effect but contends that his trial violated the "[l]egislative [i]ntent" of Senate Bill 1473.

The instant record of conviction conclusively shows that Epps is ineligible for relief under section 1172.6 as a matter of law.  Senate Bill 1437 went into effect on January 1, 2019.  The killing for which Epps was convicted of murder did not occur until 2020.  Under section 1172.6 subdivision (a)(3), "in order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437."  (*People v. Reyes*, *supra*, 97 Cal.App.5th 292, 298 (*Reyes*).)  By its timing, no aspect of Epps's prosecution occurred under those aspects of murder law that were eliminated by Senate Bill 1437.

We agree with the *Reyes* court that a defendant like Epps, who was convicted after Senate Bill 1437 changed our state's murder law, "is not the type of defendant [section 1172.6's] retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results."  (*Reyes*, *supra*, 97 Cal.App.5th at p. 299.)  Epps "was not convicted under the prior law, which permitted a theory of murder based on imputed malice."  (*Id.* at p. 298.)  Moreover, Epps's jury instructions make clear that

6

the jury was instructed that, in order to convict him of first degree murder, they were required to find beyond a reasonable doubt that Epps acted with intent to kill.[5]

Epps's arguments regarding defects in the prosecutor's arguments or the proof against him are not relevant to a petition under section 1172.6, which applies only to those "convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)  Epps's arguments do not undermine our conclusion that he was convicted of murder solely on a theory that is still valid under Senate Bill 1437.  Furthermore, to the extent that these arguments allege trial or sentencing error, they are not cognizable on a section 1172.6 resentencing petition or in this appeal.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

### III.  DISPOSITION

The trial court's February 5, 2025 order denying Epps's Penal Code section 1172.6 petition is affirmed.

---

[5] Epps was prosecuted for first degree murder under two alternate theories: (1) willful, deliberate and premeditated murder and (2) shooting from a motor vehicle.  The trial court's instructions informed the jurors that they could not convict unless all of them agreed Epps was guilty of first degree murder, but they did not all need to agree on the same theory.  Both theories of first degree murder required the jury to find that Epps acted with the intent to kill in order to find him guilty.  The jurors were also given an aiding and abetting instruction, which required them, in order to convict, to find that Epps intended to aid the perpetrator in accomplishing the unlawful act.  The jury found Epps guilty of first degree murder.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P. J.


_____
Bromberg, J.


**H053176**
***People v. Epps***